## BRUCE-ROGERS SUPPLY COMPANY *v.*
## PETTY PLUMBING, INC. and
## Robert A. PERRY and Jean PERRY

CA 80-35                                          603 S.W. 2d 445
Court of Appeals of Arkansas
Opinion delivered August 27, 1980

*Croxton & Boyer*, for appellant.

*Little, McCollum & Mixon*, by: *James G. Mixon*, for appellees.

MARIAN F. PENIX, Judge. This is an appeal from the granting of a Summary Judgment which denied the constitutionality of the Arkansas Materialmen's Lien Law and refused to impose such a lien on the property owned by Robert A. and Jean Perry.

Appellant, Bruce-Rogers Supply Company filed a complaint against Petty Plumbing and the Perry on January 7, 1977 alleging a delinquent account of $2,516.35. The complaint further alleged the materials had been furnished for an improvement of the residence of Robert A. Perry and Jean Perry. The complaint prayed for judgment in the amount of $2,516.35 against Petty Plumbing and for a materialmen's lien against the property of the Perrys in the amount of $2,-516.35 Appellees, Robert A. and Jean Perry filed a general denial on January 26, 1977. The appellant amended its complaint and attached an itemized list of all of the materials furnished. The Perrys further amended their answer to the amended complaint and raised as a defense, the constitutionality of Ark. Stat. Ann. § 51-601.

Appellees, Robert A. and Jean Perry, filed a motion for

Summary Judgment on December 4, 1978. The motion was granted in favor of the Perrys on October 3, 1979. The memorandum opinon of Judge Enfield stated the motion was granted because the Arkansas Materialmen's Lien Law permits a deprivation of property without due process of law and is therefore unconstitutional. Bruce-Rogers Supply Company appeals.

Both the appellant's and appellees' briefs are replete with cases from other jurisdictions which discuss the constitutionality of the materialmen's liens. Both briefs are very informative and contain good discussions of the issues. These briefs, however, were filed prior to the June 2, 1980 decision of *South Central District Pentecostal Church of God of America, Inc.* v. *Bruce-Rogers Supply Co.*, 269 Ark. 130, 599 S.W. 2d 702 (1980). In that case, Chief Justice Fogleman writing for the majority, upheld the constitutionality of the Arkansas Materialmen's Lien Statute. The Supreme Court determined that the "property interests affected are not of such a nature that minimum due process standards require more than our statutes afford in the way of notice and and hearing." At page 146. The constitutionality of the statute was determined by weighing the necessity against the competing interests of property owners.

> . . . The general public interest in affording protection to laborers, mechanics and materialmen against deprivation of compensation for their contributions to enhancement of the value of an owner's property is certainly a factor to be considered in determining the necessity for notice and a hearing prior to imposition of the lien. (Cites omitted) Clearly, the laborer, mechanic or supplier would suffer the danger of a grave deprivation, if an owner could dispose of property made valuable by labor done or materials supplied by the holder of the lien conferred by our statute. (Cites omitted) For this reason, the creditor seeking to establish a lien has an interest in the property which deserves consideration in the resolution of the due process question. *South Central District Pentecostal Church of God of America, Inc.*, supra, at page 141.

Finding *South Central District Pentecostal Church of God of America, Inc.* v. *Bruce-Rogers Company* to be controlling of the sole issue involved in this appeal, we must reverse. This case is reversed and remanded for a determination not inconsistent with this opinion.

Reversed and remanded.